Scott A. Flaxman SBN 241285
700 Larkspur Landing Circle, Suite #199
Larkspur, California 94939
(415) 702-7032
[Pro hac vice Application pending]

Zakary Rodriguez
Texas Bar Number 24143352
429 College Ave, #103
Fort Worth, TX 76104
(210) 324-0485

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| | Case No.: |
| **JOANNE WILLIAMSON,** | **COMPLAINT FOR:** |
| Plaintiff, | 1. **Violation of Fourth Amendment Rights - Unlawful Detention and False Arrest in Violation of 42 USCS § 1983** |
| v. | 2. **Unconstitutional Custom or Policy in Violation of 42 USCS § 1983** |
| **CITY OF HOUSTON, TEXAS; HOUSTON POLICE DEPARTMENT; COUNTY OF HARRIS, TEXAS; CUSTOMS AND BORDER PATROL OF THE UNITED STATES OF AMERICA** | Date:<br>Time:<br>Dept.:<br>Judge:<br><br>Trial Date: |
| **Defendants.** | |

COMPLAINT AGAINST CITY OF HOUSTON, TEXAS; COUNTY OF HARRIS, TEXAS - 1

# INTRODUCTION

This case details the flagrant violation of Joanne Williamson's Constitutional rights.

Upon her return to Houston from South America, Customs and Border Protection (CBP) agents unlawfully detained Ms. Williamson for ten hours based on fabricated charges.

This ultimately led to her arrest and jailing without probable cause, with the case subsequently being dismissed by a judge and a grand jury refusing to indict, both citing a lack of probable cause.

CBP agents falsely asserted without evidence of any kind or doing any tests that her clearly labeled magnesium supplements were a controlled substance.

The situation escalated with the arrival of Houston Police Department (HPD) officers, who arrested Ms. Williamson on a first-degree felony charge, again without testing the supplements or establishing probable cause. She was then held in jail for five days, facing a $50,000 bond.

The baseless nature of these actions was later confirmed when both a judge and a grand jury determined there was no probable cause for her arrest, leading to the dismissal of the case. Consequently, Joanne Williamson seeks to hold the United States Custom and Border Protection Agency, the City of Houston, Texas, and Harris County, Texas accountable for the unlawful detention, false arrest, false imprisonment, and malicious prosecution, which caused her significant emotional distress, reputational damage, and financial loss.

## PARTIES

1. Plaintiff Joanne Williamson is a resident of California and a United States citizen.

2. Defendant City of Houston is a municipal corporation organized under the laws of the State of Texas with its principal place of business in Harris County, Texas.

3. Defendant Harris County is a political subdivision of the State of Texas with its principal place of business in Harris County, Texas.

4. Defendant Customs and Border Protection is an agency of the United States with a principal place of business in Washington, D.C.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331, because this action arises under the Constitution and laws of the United States, specifically the Fourth Amendment to the United States Constitution and 42 USCS § 1983. Additionally, this Court has jurisdiction pursuant to 28 USCS § 1343, which grants district courts original jurisdiction over civil actions to redress the deprivation of rights secured by the Constitution of the United States.

6. This Court has personal jurisdiction over the City of Houston because it is a municipal corporation located within the State of Texas and within this judicial district.

7. This Court has personal jurisdiction over Harris County because it is a political subdivision located within the State of Texas and within this judicial district.

8. Venue is proper in this district pursuant to 28 USCS § 1391, as a substantial part of the events giving rise to the claims occurred within this district, specifically at an airport in Houston, Texas and at Harris County jail facilities.

## STATEMENT OF FACTS

9. The Plaintiff, a United States citizen, purchased magnesium supplements for personal consumption during a trip to Colombia. Plaintiff frequently travels to South America to visit family; her maternal grandparents were born and lived their entire lives in El Salvador. Plaintiff has lived in El Salvador in the past and Plaintiff likes to visit countries near El Salvador where she has friends. Plaintiff speaks Spanish fluently.

10. On or about July 19, 2025, Plaintiff arrived at an airport in Houston, Texas on her way home from a short trip to South America.

11. At the airport, Customs and Border Protection ("CBP") agents detained Plaintiff.

12. The CBP agents detained Plaintiff for approximately ten hours at the airport.

13. Throughout this entire egregious detention, CBP agents did not provide Plaintiff with Miranda warnings.

14. The CBP agents claimed, without conducting any tests, that Plaintiff's magnesium supplements were "not magnesium but probably was some other controlled substance like codeine," with repeated exchanges between Plaintiff and CBP agents concerning her magnesium supplements.

15. CBP officers screamed at Plaintiff and sought to intimidate her into a false confession during the course of the ten-hour detention where they did not allow Plaintiff to call an attorney.

16. The CBP agents performed no tests on the magnesium but rather made the allegation up completely out of nowhere.

17. The CBP agents' detention of Plaintiff for ten hours constituted a de facto arrest without probable cause.

18. Houston Police Department ("HPD") officers subsequently arrived at the airport

19. HPD officers arrested Plaintiff without any Miranda warnings.

20. HPD officers arrested Plaintiff without probable cause. On the way to taking Plaintiff to jail, HPD officers stopped on the road and turned off their body-worn cameras. They did not explain what was going on to Plaintiff inducing a horrific terror that this whole ordeal was a set up for the police officers to rape her. Only after instilling an unwarranted traumatizing panic within the Plaintiff did the police officers later tell her, they "forgot her passport at the airport and had to return."

21. As a result of this arrest, Plaintiff was charged with "POSS W/I TO DEL CS PG III/IV >400G" (Possession with Intent to Deliver Controlled Substance Penalty Group III/IV over 400 grams), a 1st Degree Felony.

22. Plaintiff was held on a $50,000 bond.

23. On July 21, 2025, a judge found no probable cause for the arrest and ordered Plaintiff discharged.

24. Plaintiff was forced to spend five days in jail despite the egregious illegal actions of CBP and HPD.

25. CPB, HPD, nor the District Attorney ever tested the magnesium at any point.
26. On July 31, 2025, a grand jury also determined there was no probable cause for the arrest of Plaintiff.

27. The case against Plaintiff was formally dismissed on July 31, 2025.

COMPLAINT AGAINST CITY OF HOUSTON, TEXAS; COUNTY OF HARRIS, TEXAS - 5

# CLAIMS FOR RELIEF

**Count I - Violation of Fourth Amendment Rights - Unlawful Detention and False Arrest in Violation of 42 USCS § 1983**
**(Against all Defendants)**

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

29. Defendants, acting under color of state law, deprived Plaintiff of rights secured by the Fourth Amendment to the United States Constitution.

30. HPD officers, who are employees of the City of Houston, and CBP officers, employees of the United States, arrested Plaintiff without probable cause based solely on an unfounded suspicion that legally purchased magnesium supplements were controlled substances, without conducting any tests to verify this suspicion.

31. Plaintiff's detention and arrest violated her clearly established Fourth Amendment right to be free from unreasonable seizures.

32. A judge later dismissed the case for lack of probable cause, and a grand jury also determined there was no probable cause for the arrest, confirming the unlawfulness of Plaintiff's detention and arrest.

33. The Fourth Amendment prohibits the detention of individuals without reasonable suspicion or probable cause. In this case, CBP agents detained Plaintiff for approximately ten hours at the Houston airport based solely on an unfounded suspicion that the Plaintiff's legally purchased magnesium supplements were a controlled substance. The agents failed to conduct any tests to verify their

suspicion, rendering the detention unreasonable and unsupported by probable cause. The prolonged detention without justification constitutes a de facto arrest in violation of the Fourth Amendment *(USCS Const. Amend. 14, Manuel v. City of Joliet, 580 U.S. 357.)*

34. The HPD officers' arrest of Plaintiff was similarly unsupported by probable cause. Like the CBP agents, the HPD officers claimed, without conducting any tests, that the magnesium supplements were a controlled substance. The officers' failure to verify their suspicion before arresting Plaintiff demonstrates a clear violation of the Fourth Amendment's prohibition against unreasonable seizures. The use of force or authority to effectuate an arrest without probable cause transforms the detention into an unlawful seizure under the Fourth Amendment *(USCS Const. Amend. 4, Gerstein v. Pugh, 420 U.S. 103; Thompson v. Clark, 596 U.S. 36.)*

35. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including but not limited to loss of liberty, emotional distress, humiliation, and damage to reputation.

**Count II - Municipal Liability - Unconstitutional Custom or Policy in Violation of 42 USCS § 1983**
**(Against all Defendants)**

36. Plaintiff repeats and realleges the allegations set forth in the previous paragraphs as if fully set forth herein.
37. Defendants maintained policies, practices, or customs that caused the violation of Plaintiff's constitutional rights.
38. The City of Houston and Harris County failed to properly train and supervise their employees regarding the necessity of probable cause for arrests and the proper identification and testing of suspected controlled substances.

39. The United States of America failed to properly train and supervise their employees regarding the necessity of probable cause for arrests and the proper identification and testing of suspected controlled substances.

40. The failure of HPD and CPB officers to conduct any testing on Plaintiff's magnesium supplements before baselessly asserting they were controlled substances demonstrates a systemic failure in training and supervision.

41. The arrest of Plaintiff without probable cause and the subsequent five-day detention despite the lack of evidence demonstrates a pattern or custom of constitutional violations.

42. The actions of the individual Defendant Officers were undertaken pursuant to the policies and practices of the HPD, described above and below, which included (1) failing to supervise, discipline and control Houston Police officers and (2) maintaining a code of silence within the HPD, all of which facilitated the Defendant Officers' misconduct here.

43. The actions of the individual Defendant Officers were undertaken pursuant to the policies and practices of the CBP, described above and below, which included (1) failing to supervise, discipline and control CBP officers and (2) maintaining a code of silence within the CBP, all of which facilitated the Defendant Officers' misconduct here.

44. These policies and practices were ratified by policymakers for the City of Houston with final policymaking authority.

45. At all times material to this Complaint, the United States of America's Custom and Border Patrol Officers and the Defendant City of Houston, and Defendant Count of Harris, Texas through its Police Department, had interrelated de facto policies, practices, and customs which included, inter alia:

   a. conducting physically, psychologically, or otherwise illegal or improperly coercive interrogations of witnesses, suspects and arrestees, in order to obtain confessions;

   b. manufacturing, fabricating, and/or using improper suggestive tactics to obtain statements from suspects;

   c. secreting suspects in airport facilities and preventing family members and attorneys seeking to represent the suspects from contacting those suspects while CBP and HPD police worked to extract false confessions from those suspects;

   d. filing false police reports, and giving false statements and testimony about these interrogations, confessions, and witness statements;

   e. suppressing evidence concerning the circumstances of these interrogations and attempted coerced confessions;

   f. failing to properly train, supervise, discipline, transfer, monitor, counsel, and/or otherwise control police officers, particularly those who were repeatedly accused of physically, psychologically, or otherwise illegally or improperly engaging in coercive questioning or interrogation of witnesses, suspects and arrestees; torture and related physical abuse of suspects; of false arrests, wrongful imprisonments, malicious prosecutions, and wrongful convictions; and/or of making false reports and statements;

46. The interrelated pattern and practices alleged above were or should have been well known within CBP and HPD, both before and after Plaintiff was interrogated and wrongfully accused, and by the Houston City Council and the Houston Police Board, and other policy-making, command, and supervisory City and police

personnel, who participated in the cover-up and/or continuation of the policies and practices for years.

47. The interrelated policies, practices, and customs set forth above, both individually and together, were maintained and implemented with deliberate indifference. They encouraged, inter alia, the coercing of statements from suspects, witnesses, and arrestees; the attempted construction and fabrication of confessions, admissions, statements, and other false witness evidence; the suppression and destruction of exculpatory evidence, the intimidation of witnesses, the making of false statements and reports, the giving of false testimony, and the obstruction of justice; and the pursuit and continuation of wrongful convictions and false arrests and imprisonments.

48. The interrelated policies, practices and customs set forth above were, separately and together, a direct and proximate cause (i.e. a moving force) of the unconstitutional acts committed by the Defendant Officers and their co-conspirators, and the injuries suffered by Plaintiff, including her wrongful conviction and imprisonment.

49. The United States Government and the City of Houston's failure to properly train, discipline, monitor, control, assign, transfer, supervise, and counsel the Officers was also done with deliberate indifference and likewise acted as a direct and proximate cause (i.e. a moving force) of the injuries to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and grant the following relief:

1. Compensatory damages against all Defendants in an amount to be proven at trial for violations of Plaintiff's constitutional rights, emotional distress,

humiliation, damage to reputation, loss of liberty, and other damages resulting from unlawful detention and imprisonment;

2. Punitive damages against all Defendants in an amount to be determined at trial;

3. A declaration pursuant to 28 USCS § 2201 that Defendants' actions violated Plaintiff's rights under the Fourth Amendment to the United States Constitution;

4. Reasonable attorney's fees and costs pursuant to 42 USCS § 1988;

5. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: 10/29/2025

Respectfully Submitted,

*Scott A. Flaxman*
ID so3MXbyVHbpfTGppumtRUDKQ

**Scott A. Flaxman**
Attorney [Pro Hac Vice application pending]
for Plaintiff, Joanne Williamson

COMPLAINT AGAINST CITY OF HOUSTON, TEXAS; COUNTY OF HARRIS, TEXAS - 11

*Zakary Rodriguez*
ID spRY546eZgpXYaBnGt1uqsqp
**Zakary Rodriguez**
Attorney for Plaintiff,
Joanne Williamson

## VERIFICATION OF COMPLAINT

I, Joanne Williamson, am a Plaintiff in this action and have read the foregoing civil complaint. I have personal knowledge of the facts alleged in the complaint, and I believe the allegations to be true and accurate to the best of my knowledge and belief.

I am the Plaintiff in the above-captioned matter filed in the United States District Court for the Southern District of Texas.

1. I have personal knowledge of the facts stated herein and am competent to testify to the same.
2. I have reviewed the complaint filed in this matter, and I verify that the allegations and statements contained therein are true and correct to the best of my knowledge, information, and belief.
3. I understand that this verification is made under penalty of perjury <u>under the laws of the United States of America,</u> and that knowingly providing false information may subject me to criminal penalties.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ at _____ County, California.


_____
**JOANNE WILLIAMSON**

## eSignature Details

**Signer ID:**            so3MXbyVHbpfTGppumtRUDKQ
Signed by:                Scott A. Flaxman
Sent to email:            scott@scottflaxmanlaw.com
IP Address:               98.51.139.62
Signed at:                Oct 29 2025, 7:04 am PDT

**Signer ID:**            spRY546eZgpXYaBnGt1uqsqp
Signed by:                Zak Rodriguez
Sent to email:            zak@zrodlaw.com
IP Address:               18.88.11.182
Signed at:                Oct 29 2025, 8:02 am PDT